

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
J N DEC X 7 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

ONEBEACON INSURANCE CO., )
)
Plaintiff, )
)
)  07cv6905
v. )  JUDGE COAR
)  MAG. JUDGE SCHENKIER
FIRST MIDWEST BANCORP, INC., )
Defendant. )

## COMPLAINT

NOW COMES Plaintiff, OneBeacon Insurance Company ("OneBeacon"), by and through its attorneys, Cozen O'Connor, and for its Complaint against Defendant, First Midwest Bancorp, Inc. ("First Midwest"), states as follows:

### THE PARTIES

1. Plaintiff OneBeacon is a Pennsylvania corporation with its principal place of business located at One Beacon Street, Boston, Massachusetts.

2. Defendant First Midwest is a Delaware corporation with its principal place of business located at One Pierce Place, Itasca, Illinois.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties are of diverse citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, as Defendant First Midwest is a resident within this judicial district.

### ONEBEACON'S WORKER'S COMPENSATION INSURANCE PROGRAM WITH CENTRAL LEASING

5. General Accident Insurance Company of America, now known as OneBeacon, provided workers' compensation insurance coverage to Central Leasing Management, Inc.

("Central Leasing") for a policy term of February 15, 2001 to February 15, 2002. That Policy provided coverage with limits of $1 million, subject to a $500,000 deductible.

6. Under the Policy, Central Leasing was responsible for paying the first $500,000 of workers' compensation arising out of each accident involving one or more employees, while OneBeacon provided $1 million of workers' compensation insurance above that amount.

7. Central Leasing and OneBeacon also entered into a "Deductible Agreement," which authorized OneBeacon to advance workers' compensation claims payments, falling within the $500,000 deductible amount, on Central Leasing's behalf.

8. The Deductible Agreement provided that workers' compensation claims against Central Leasing were to be handled and paid by Gallagher Bassett Services, Inc. ("Gallagher Bassett").

9. Gallagher Basset is an agent of OneBeacon. Gallagher Bassett has assigned to OneBeacon all of its claims against First Midwest.

### CENTRAL LEASING'S REFUSAL TO REIMBURSE ONEBEACON'S WORKERS' COMPENSATION LIEN

10. OneBeacon paid $237,382 in workers' compensation benefits to claimant Kevin Dick under the workers' compensation insurance policy issued to Central Leasing.

11. After making a recovery from a suit against third parties, Dick's attorneys, Anesi, Ozmon, Rodin, Novak & Kohen, Ltd. ("Anesi Ozmon") issued check number 68434 in the amount of $237,382 (the "Check").

12. The Check was dated December 21, 2006 and made payable to "CENTRAL LEASING MANAGEMENT INC., AND GALLAGHER BASSETT SERVICES, INC."

13. The Check from Anesi Ozmon was intended to satisfy OneBeacon's worker's compensation lien which inured to OneBeacon by operation of law after OneBeacon paid worker's compensation benefits to Kevin Dick on behalf of Central Leasing.

2

14. Anesi Ozmon initially sent the Check to Rusin Maciorowski & Friedman, Ltd. ("Rusin Maciorowski"), the law firm representing Central Leasing in the Dick worker's compensation claim.

15. On September 19, 2006, Rusin Maciorowski sent the Check to Central Leasing with explicit instructions to "endorse the check on behalf of Central Leasing Management, Inc. and then direct the check to the following: Gallagher Bassett Services, Inc., 4507 North Sterling, #401, Peoria, IL 61615, Attention: Betty Evans, File Number: 001436-000432-WC-01, Telephone number 1-309-686-2191, Ext. 202."

16. In spite of explicit instructions to the contrary, Central Leasing endorsed the Check but failed to forward it to Gallagher Bassett, OneBeacon's agent.

### FIRST MIDWEST IMPROPERLY HONORS THE CHECK WITHOUT BOTH ENDORSEMENTS

17. Central Leasing deposited the funds into its own account at First Midwest.

18. First Midwest honored the Check and paid the funds from the Check to Central Leasing in spite of the fact that the Check, on its face, required the endorsements of both Central Leasing and Gallagher Bassett to be negotiated.

### COUNT I – VIOLATION OF 810 ILCS 5/3-110

19. OneBeacon restates and realleges Paragraphs 1 through 18 as and for paragraph 19 of Count 1 as if fully set forth herein.

20. The Uniform Commercial Code of Illinois states that "[i]f an instrument is payable to 2 or more persons not alternatively, it is payable to all of them and may be negotiated, discharged, or enforced *only* by all of them. 810 ILCS 5/3-110(d) (emphasis added).

21. The Check was made payable to 2 or more persons not alternatively, as it was payable to "CENTRAL LEASING MANAGEMENT INC., AND GALLAGHER BASSETT SERVICES, INC."

3

22. In spite of the fact that the Check was made payable to 2 or more persons not alternatively and in violation of 810 ILCS 5/3-110(d), First Midwest honored the Check and paid the funds from the Check to Central Leasing.

23. As a direct and proximate result of First Midwest's violation of 810 ILCS 5/3-110, OneBeacon suffered damages in the amount of at least $237,382.

WHEREFORE, Plaintiff, OneBeacon Insurance Company, respectfully requests that this Honorable Court enter judgment in its favor and against Defendant, First Midwest Bancorp, Inc., in the amount of $237,382, together with attorney's fees, costs and interest, and award such other and further relief as the Court deems just and equitable.

## COUNT II – NEGLIGENCE

24. OneBeacon restates and realleges paragraphs 1 through 23 as and for paragraph 24 of Count II as if fully set forth herein.

25. First Midwest had a duty to exercise reasonable care to avoid improperly honoring negotiable instruments payable to 2 or more parties. Notwithstanding the aforesaid duty, First Midwest breached its duty in one or more of the following ways:

>  (a) carelessly and negligently honored the Check and paid the funds from the Check to Central Leasing in spite of the fact that the Check, on its face, required the endorsements of both Central Leasing and Gallagher Bassett to be negotiated;
>
> (b) carelessly and negligently honored the Check and paid the funds from the Check to Central Leasing in violation of 810 ILCS 5/3-110(d);
>
> (c) carelessly and negligently honored the Check and paid the funds from the Check to Central Leasing in spite of the fact that the Check was made payable to 2 or more persons not alternatively; and
>
> (d) was otherwise careless and negligent.

4

26. As a direct and proximate result of one or more of the foregoing negligent and careless acts and/or omissions, OneBeacon suffered damages in the amount of at least $237,382.

WHEREFORE, Plaintiff, OneBeacon Insurance Company, respectfully requests that this Honorable Court enter judgment in its favor and against Defendant, First Midwest Bancorp, Inc., in the amount of $237,382, together with attorney's fees, costs and interest, and award such other and further relief as the Court deems just and equitable.

Dated: December 7, 2007

ONEBEACON INSURANCE COMPANY

By: _____
One of its Attorneys

Bruce M. Lichtcsien
COZEN O'CONNOR
222 South Riverside Plaza, Suite 1500
Chicago, IL 60606
312.382.3100
CHICAGO\559214\1  185417.000

5