UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ONEBEACON INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 07cv6905 |
| | ) | JUDGE COAR |
| FIRST MIDWEST BANCORP, INC., | ) | MAG. JUDGE SCHENKIER |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, First Midwest Bancorp, Inc., ("First Midwest") by and through its attorneys, Wildman, Harrold, Allen & Dixon LLP, as and for its Answer to Plaintiff OneBeacon Insurance Company's ("OneBeacon") Complaint, states that all allegations contained within Plaintiff's Complaint are denied unless expressly admitted below. First Midwest further states as follows:

### THE PARTIES

1. Plaintiff OneBeacon is a Pennsylvania corporation with its principal place of business located at One Beacon Street, Boston, Massachusetts.

**ANSWER:** First Midwest admits the allegations of Paragraph 1.

2. Defendant First Midwest is a Delaware corporation with its principal place of business located at One Pierce Place, Itasca, Illinois.

**ANSWER:** First Midwest admits the allegations of Paragraph 2.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties are of diverse citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

**ANSWER:** First Midwest admits the allegations of Paragraph 3.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, as Defendant First Midwest is a resident within this judicial district.

**ANSWER:** First Midwest admits the allegations of Paragraph 4.

## ONEBEACON'S WORKER'S COMPENSATION INSURANCE PROGRAM WITH CENTRAL LEASING

5. General Accident Insurance Company of America, now known as OneBeacon, provided workers' compensation insurance coverage to Central Leasing Management, Inc. ("Central Leasing") for a policy term of February 15, 2001 to February 15, 2002. That Policy provided coverage with limits of $1 million, subject to a $500,000 deductible.

**ANSWER:** First Midwest is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5.

6. Under the Policy, Central Leasing was responsible for paying the first $500,000 of workers' compensation arising out of each accident involving one or more employees, while OneBeacon provided $1 million of workers' compensation insurance above that amount.

**ANSWER:** First Midwest is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6.

7. Central Leasing and OneBeacon also entered into a "Deductible Agreement," which authorized OneBeacon to advance workers' compensation claims payments, falling within the $500,000 deductible amount, on Central Leasing's behalf.

**ANSWER:** First Midwest is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7.

8. The Deductible Agreement provided that workers' compensation claims against Central Leasing were to be handled and paid by Gallagher Bassett Services, Inc. ("Gallagher Bassett").

**ANSWER:** First Midwest is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8.

9. Gallagher Basset is an agent of OneBeacon. Gallagher Bassett has assigned to OneBeacon all of its claims against First Midwest.

**ANSWER:** First Midwest is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9.

**CENTRAL LEASING'S REFUSAL TO REIMBURSE**
**ONEBEACON'S WORKERS' COMPENSATION LIEN**

10. OneBeacon paid $237,382 in workers' compensation benefits to claimant Kevin Dick under the workers' compensation insurance policy issued to Central Leasing.

**ANSWER:** First Midwest is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10.

11. After making a recovery from a suit against third parties, Dick's attorneys, Anesi, Ozmon, Rodin, Novak & Kohen, Ltd. ("Anesi Ozmon") issued check number 68434 in the amount of $237,382 (the "Check").

**ANSWER:** First Midwest admits that Anesi, Ozmon, Rodin, Novak & Kohen, Ltd. issued check number 68434 in the amount of $237,382. Except as expressly admitted, First Midwest is without knowledge or information sufficient to form a belief as to the truth or the remaining allegations of Paragraph 11.

12. The Check was dated December 21, 2006 and made payable to "CENTRAL LEASING MANAGEMENT INC., AND GALLAGHER BASSETT SERVICES, INC."

**ANSWER:** First Midwest admits the allegations of Paragraph 12.

13. The Check from Anesi Ozmon was intended to satisfy OneBeacon's worker's compensation lien which inured to OneBeacon by operation of law after OneBeacon paid worker's compensation benefits to Kevin Dick on behalf of Central Leasing.

**ANSWER:** First Midwest denies the allegations of Paragraph 13.

14. Anesi Ozmon initially sent the Check to Rusin Maciorowski & Friedman, Ltd. ("Rusin Maciorowski"), the law firm representing Central Leasing in the Dick worker's compensation claim.

**ANSWER:** First Midwest is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14.

15. On September 19, 2006, Rusin Maciorowski sent the Check to Central Leasing with explicit instructions to "endorse the check on behalf of Central Leasing Management, Inc. and then direct the check to the following: Gallagher Bassett Services, Inc., 4507 North Sterling, #401, Peoria, IL 61615, Attention: Betty Evans, File Number: 001436-000432-WC-01, Telephone number 1-309-686-2191, Ext. 202."

3

**ANSWER:** First Midwest is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15.

16. In spite of explicit instructions to the contrary, Central Leasing endorsed the Check but failed to forward it to Gallagher Bassett, OneBeacon's agent.

**ANSWER:** First Midwest is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16.

### FIRST MIDWEST IMPROPERLY HONORS THE CHECK WITHOUT BOTH ENDORSEMENTS

17. Central Leasing deposited the funds into its own account at First Midwest.

**ANSWER:** First Midwest denies the allegations of Paragraph 17. Central Leasing does not have an account with First Midwest Bancorp. First Midwest Bancorp is not bank chartered under federal or state laws.

18. First Midwest honored the Check and paid the funds from the Check to Central Leasing in spite of the fact that the Check, on its face, required the endorsements of both Central Leasing and Gallagher Bassett to be negotiated.

**ANSWER:** First Midwest denies the allegations of Paragraph 18. Central Leasing does not have an account with First Midwest Bancorp. First Midwest Bancorp is not bank chartered under federal or state laws.

### COUNT I – VIOLATION OF 810 ILCS 5/3-110

19. OneBeacon restates and realleges Paragraphs 1 through 18 as and for paragraph 19 of Count I as if fully set forth herein.

**ANSWER:** Except as previously expressly admitted, First Midwest denies the allegations of Paragraph 19.

20. The Uniform Commercial Code of Illinois states that "[i]f an instrument is payable to 2 or more persons not alternatively, it is payable to all of them and may be negotiated, discharged, or enforced *only* by all of them. 810 ILCS 5/3-110(d) (emphasis added).

**ANSWER:** First Midwest admits the allegations of Paragraph 20.

4

21.     The Check was made payable to 2 or more persons not alternatively, as it was payable to "CENTRAL LEASING MANAGEMENT INC., AND GALLAGHER BASSETT SERVICES, INC."

**ANSWER**: First Midwest admits that the Check was payable to "CENTRAL LEASING MANAGEMENT INC., AND GALLAGHER BASSETT SERVICES, INC." Except as expressly admitted, First Midwest denies the allegations of Paragraph 21.

22.     In spite of the fact that the Check was made payable to 2 or more persons not alternatively and in violation of 810 ILCS 5/3-110(d), First Midwest honored the Check and paid the funds from the Check to Central Leasing.

**ANSWER**: First Midwest denies the allegations of Paragraph 22. Central Leasing does not have an account with First Midwest Bancorp. First Midwest Bancorp is not bank chartered under federal or state laws.

23.     As a direct and proximate result of First Midwest's violation of 810 ILCS 5/3-110, OneBeacon suffered damages in the amount of at least $237,382.

**ANSWER**: First Midwest denies the allegations of Paragraph 23.

### COUNT II – NEGLIGENCE

24.     OneBeacon restates and realleges paragraphs 1 through 23 as and for paragraph 24 of Count II as if fully set forth herein.

**ANSWER**: Except as previously expressly admitted, First Midwest denies the allegations of Paragraph 24.

25.     First Midwest had a duty to exercise reasonable care to avoid improperly honoring negotiable instruments payable to 2 or more parties. Notwithstanding the aforesaid duty, First Midwest breached its duty in one or more of the following ways:

> (a)     carelessly and negligently honored the Check and paid the funds from the Check to Central Leasing in spite of the fact that the Check, on its face, required the endorsements of both Central Leasing and Gallagher Bassett to be negotiated;
>
> (b)     carelessly and negligently honored the Check and paid the funds from the Check to Central Leasing in violation of 810 ILCS 5/3-110(d);

  (c) carelessly and negligently honored the Check and paid the funds from the Check to Central Leasing in spite of the fact that the Check was made payable to 2 or more persons not alternatively; and

  (d) was otherwise careless and negligent.

**ANSWER:** First Midwest denies the allegations of Paragraph 25 including all allegations in subparts (a)-(d).

26. As a direct and proximate result of one or more of the foregoing negligent and careless acts and/or omissions, OneBeacon suffered damages in the amount of at least $237,382.

**ANSWER:** First Midwest denies the allegations of Paragraph 26.

## AFFIRMATIVE DEFENSES

1. OneBeacon's claims are barred in whole or in part by unjust enrichment. OneBeacon, in whole or in part, did not possess an interest in the proceeds of the Check such that it would be inequitable to grant OneBeacon the relief it seeks.

2. OneBeacon's claims have been waived in whole or in part as a result of OneBeacon's own actions. OneBeacon, as a result of its dealings with Central Leasing, has waived in whole or in part any claim to the proceeds of the Check.

3. Upon information and belief, OneBeacon's claims are barred in whole or in part by its failure to mitigate damages. OneBeacon was, and is, under a continuing duty to mitigate damages and failed to take appropriate actions regarding its business relationship with Central Leasing to mitigate its damages.

4. OneBeacon's Complaint fails to state a claim upon which relief can be granted. Count II of OneBeacon's Complaint is barred in whole or in part by the Economic Loss Doctrine articulated in *Moorman Mfg. Co. v. National Tank Co.,* 91 Ill. 2d 69, 435 N.E.2d 443, 61 Ill. Dec. 746 (Ill. 1982).

WHEREFORE, First Midwest denies that OneBeacon is entitled to any relief whatsoever and requests that the Court enter a judgment in its favor and against OneBeacon and to award such further relief as the Court deems just and proper.

Respectfully submitted,

 /s/ CRAIG M. WHITE
One of the Attorneys for Defendant, First Midwest Bancorp, Inc.

Craig M. White (#2999668)
Jason Logue (#6293250)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive, Suite 2800
Chicago, IL  60606-1229
(312) 201-2000
Facsimile:  (312) 201-2555

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on **JANUARY 18, 2008**, a copy of the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**, was electronically filed with the Clerk of the Court of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF System, which will send notification of such filing to all counsel of record.

 /s/ CRAIG M. WHITE