UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ONEBEACON INSURANCE CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  07 C 6905 |
| ) | |
| FIRST MIDWEST BANK, ) | Magistrate Judge Sidney Schnekier |
| ) | |
| Defendant ) | Judge David Coar |

## DEFENDANT FIRST MIDWEST BANK'S MOTION TO COMPEL

Defendant First Midwest Bank, ("First Midwest") moves pursuant to Federal Rule of Civil Procedure 37(a)(2)(A) for an order compelling Plaintiff, OneBeacon Insurance Company, ("OneBeacon") to produce documents requested by First Midwest pursuant to Federal Rule of Civil Procedure 34 relating to the Kevin Dick workers' compensation claim as described in Plaintiff's Amended Complaint, which would include any documents evidencing any payments made by Central Leasing, OneBeacon and/or Gallagher Bassett in relation to the Kevin Dick claim.  In addition, First Midwest moves for an order compelling OneBeacon to respond to interrogatories requested by First Midwest pursuant to Federal Rule of Civil Procedure 33 relating to the billing process for Central Leasing under the Deductible Agreement Program as described in Plaintiff's Amended Complaint.  In support of its Motion, First Midwest states as follows:

## BACKGROUND

### OneBeacon's Amended Complaint against First Midwest

1.     This case arises from a previous dispute between OneBeacon, Gallagher Bassett Services, Inc. ("Gallagher Bassett") and Central Leasing Management, Inc. ("Central Leasing") regarding alleged payments due by Central Leasing to OneBeacon and/or Gallagher Bassett for

payments allegedly made by OneBeacon and/or Gallagher Bassett in relation to a workers' compensation claim. (Amended Complaint)

2.  According to Plaintiff's Amended Complaint, OneBeacon provided workers' compensation insurance coverage to Central Leasing for a policy term of February 15, 2001 to February 15, 2002. That Policy provided coverage with limits of $1 million, subject to a $500,000 deductible. (Amended Complaint, ¶ 5).

3.  According to Plaintiff, Central Leasing's insurance policy with OneBeacon provided that Central Leasing was responsible for paying the first $500,000 of workers' compensation arising out of each accident, and OneBeacon would provide $1 million of workers' compensation insurance above that amount. (Amended Complaint, ¶ 6).

4.  Central Leasing and OneBeacon also entered into a Deductible Agreement which authorized OneBeacon to advance workers' compensation claims payments, falling within the $500,000 deductible amount, on Central Leasing's behalf. (Amended Complaint, ¶ 7).

5.  The Deductible Agreement provided that workers' compensation claims against Central Leasing were to be handled and paid by Gallagher Bassett. (Amended Complaint, ¶ 8).

6.  The dispute between OneBeacon, Gallagher Bassett and Central Leasing arose when, according to OneBeacon, it paid $237,382 in workers' compensation benefits to claimant Kevin Dick under Central Leasing's workers' compensation insurance policy. (Amended Complaint, ¶ 10).

7.  Thereafter, the claimant Kevin Dick made a recovery against third-parties for injuries suffered, and his attorneys sent a check to Central Leasing's attorneys in the amount of $237,382 made payable to "CENTRAL LEASING MANAGEMENT INC. AND GALLAGHER BASSETT SERVICES, INC" (the "Check"). (Amended Complaint, ¶¶ 11, 12, 14 &15).

8. According to OneBeacon, Central Leasing was instructed to endorse the check and then forward it on to Gallagher Bassett for its endorsement. (Amended Complaint, ¶ 15).

9. According to OneBeacon, Central Leasing deposited the check into its account at First Midwest without forwarding it on to Gallagher Bassett for its endorsement. (Amended Complaint, ¶¶ 16, 17).

10. OneBeacon alleges that the Check should have been endorsed by Central Leasing and sent on to them because it was intended to satisfy a workers' compensation lien with the proceeds going to OneBeacon for the workers' compensation benefits it paid to Kevin Dick on behalf of Central Leasing. (Amended Complaint, ¶ 13).

11. First Midwest honored the Check and paid the funds from the Check to Central Leasing. (Amended Complaint, ¶ 18).

**Lawsuit Between Central Leasing And OneBeacon**

12. After OneBeacon instituted its lawsuit against First Midwest, First Midwest learned that the dispute over the Check was the subject of a previous lawsuit between Central Leasing and OneBeacon.

13. The lawsuit between Central Leasing and OneBeacon is captioned as follows: *Central Leasing Management, Inc. v. One Beacon Insurance f/k/a CGU Insurance and Gallagher Bassett Services, Inc.*, Case No. 06 L 0015, filed in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Wheaton, Illinois (the "Central Leasing Lawsuit").

14. Central Leasing initially sued OneBeacon alleging that OneBeacon had failed to protect its interests in an unrelated workers' compensation suit.

15. OneBeacon counter-sued in part and, *inter alia*, for conversion of the Check.

16. First Midwest has had conversations with Central Leasing's former attorney, Andrew Cores, who represented Central Leasing in the Central Leasing Lawsuit.

17. Based on our conversations with Mr. Cores, First Midwest learned that the dispute over the Check was heavily litigated and Central Leasing's position was that they reimbursed OneBeacon for all of the amounts advanced in the Kevin Dick matter and therefore was rightfully entitled to the proceeds from the Check.

18. Mr. Cores also informed First Midwest that because of an unrelated judgment against Central Leasing, the parties in the Central Leasing Lawsuit agreed on a no-cash settlement and a dismissal of all claims.

19. First Midwest was also informed that Central Leasing has sold all of its assets, and currently has no employees or office spaces.

**First Midwest's Answer and Affirmative Defenses to Amended Complaint**

20. OneBeacon's Amended Complaint specifically alleges that they paid workers' compensation benefits out to Kevin Dick on behalf of Central Leasing, and therefore was entitled to the proceeds of the Check. (Amended Complaint).

21. OneBeacon's Amended Complaint further alleges that by honoring the Check without the required endorsements of both Central Leasing and Gallagher Bassett, First Midwest violated 810 ILCS 5/3-110(d), and is therefore liable to OneBeacon for the full proceeds of the alleged improperly negotiated Check. (Amended Complaint).

22. On March 5, 2008, First Midwest filed its Answer and Affirmative Defenses to Plaintiff's Amended Complaint, and therein, *inter alia*, alleged the affirmative defense of unjust enrichment.

23. The Seventh Circuit has found that in missing endorsement cases involving claims under the UCC, a bank is allowed to raise an unjust enrichment defense and is allowed to recover on this defense if it proves "an unjust retention of a benefit, including money, by one party to the detriment of another party, against the fundamental principles of justice, equity, and good conscience." *Midwest Industrial Funding v. First National Bank of Lockport*, 973 F.2d 534, 538-539 (7th Cir. 1992) (finding that although defendant bank violated the UCC by honoring a check without procuring all of the proper endorsements, case should be remanded for defendant bank to present evidence relevant to its unjust enrichment defense that the plaintiff was not actually entitled to the proceeds from the improperly endorsed check).

**First Midwest's Interrogatories to OneBeacon**

24. On May 23, 2008, First Midwest served OneBeacon with its First Set of Interrogatories to Plaintiff (the "Request for Interrogatories").

25. First Midwest's Request for Interrogatories, *inter alia*, sought information regarding the roles of OneBeacon and Gallagher Bassett, payments made by or on behalf of Central Leasing in relation to the Kevin Dick claim, and information regarding the Deductible Agreement and Central Leasing's billing process under the Deductible Agreement Program.

26. On or about June 6, 2008, OneBeacon served First Midwest with its Responses To First Midwest Bank's Interrogatories ("Interrogatory Responses"). (Exhibit 1).

27. Although OneBeacon provided First Midwest with some of the requested information, it did not provide **any** information regarding any payments made by or on behalf of Central Leasing in relation to the Kevin Dick claim. Additionally, OneBeacon specifically objected to and refused to provide any information regarding Central Leasing's billing process under the Deductible Agreement Program on the grounds that the information sought was

irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. (Exhibit 1).

### First Midwest's Request for Document Production

28.    On May 23, 2008, First Midwest also served OneBeacon with its First Request for the Production of Documents to Plaintiff ("Request for Documents").

29.    First Midwest's Request for Documents, *inter alia*, sought documents relating to the Kevin Dick workers' compensation claim, including any and all documents relating to any payments made by Central Leasing or on behalf of Central Leasing in relation to the Kevin Dick workers' compensation claim.  First Midwest's Request for Documents also included documents relating to OneBeacon's claims against First Midwest and documents relating to the Kevin Dick third-party lawsuit and the Check.

30.    On or about June 6, 2008, OneBeacon served First Midwest with its Responses to First Midwest Bank's First Request for the Production of Documents ("Responses to Document Production"). (Exhibit 2).

31.    Although OneBeacon served First Midwest with some documents relating to Kevin Dick's third-party lawsuit and the Check, it specifically objected to and refused to provide **any** documents **at all** relating to the Kevin Dick workers' compensation claim as between OneBeacon, Gallagher Bassett and Central Leasing, as well as any documents relating to any payments made by Central Leasing or on behalf of Central Leasing in relation to the Kevin Dick workers' compensation claim on grounds that the documents sought were irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. (Exhibit 2).

**Conferences between counsels for OneBeacon and First Midwest**

32.     On June 24, 2008, counsel for First Midwest conferred with counsel for OneBeacon by phone to discuss OneBeacon's responses to discovery. During that conference, the counsels discussed the applicability of *Midwest Industrial Funding v. First National Bank of Lockport*, 973 F.2d 534, 538-539 (7th Cir. 1992). At that time, we were unable to come to an agreement regarding OneBeacon's discovery obligations.

33.     On June 25, 2008, we attended a status conference in which we were encouraged by the Court to try and come to an agreement regarding the discovery dispute.

34.     On June 25, 2008, counsels for OneBeacon and First Midwest conferred twice, once in person after court, and again by phone later that same afternoon, in an effort to reach a compromise on the scope of discovery. Counsel for OneBeacon still disagreed that First Midwest was entitled to any of the requested discovery based on his belief of the inapplicability of *Midwest Industrial*. Nevertheless, counsel for OneBeacon agreed to discuss the issue further with his client.

35.     On July 2, 2008, counsel for First Midwest conferred by phone with counsel for OneBeacon to discuss the discovery dispute. During that conference, counsel for OneBeacon agreed to provide First Midwest with documents relating to the Kevin Dick workers' compensation claim.

36.     On or about July 11, 2008, counsel for First Midwest received written correspondence from counsel for OneBeacon, which enclosed five (5) documents from Kevin Dick's attorneys relating to the settlement of the third-party action. The documents included a letter from Kevin Dick's attorney regarding the settlement reached in the third-party action, and enclosed related executed release agreements. This production is not completely responsive

because the documents **do not** show whether OneBeacon/Gallagher Bassett paid any money in relation to the Kevin Dick workers' compensation claim, nor do they provide any evidence of whether Central Leasing either paid or reimbursed OneBeacon/Gallagher Bassett any amounts in relation to the Kevin Dick workers' compensation claim.   Since that time, First Midwest has not received any other documents from OneBeacon.

37. On July 31, 2008, counsel for First Midwest left a voice message for counsel for OneBeacon stating that the additional discovery received did not complete OneBeacon's discovery obligations.

38. On August 4, 2008, counsel for OneBeacon contacted counsel for First Midwest by phone at approximately 5:15 p.m.  At that time, counsel for OneBeacon stated that earlier that day, he had sent an e-mail to his client to see if they could produce any further documents, however, counsel for OneBeacon had not yet received a response, and therefore, still was not in a position to tell counsel for First Midwest when First Midwest would receive responsive documents.

39. First Midwest has made a good-faith effort to resolve the discovery-related issues raised in this Motion outside the purview of this Court, as required by Rule 37 and the local rules of this Court.  (See Local Rule 37.2 Certification of Angela Stinson-Marti attached as Exhibit 3).

**The Requested Discovery is relevant to First Midwest's Unjust Enrichment Defense**

40. Federal Rule of Civil Procedure 26(b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." *Equal Employment Opportunity, Commission v. Staffing Network, LLC*, No 02 C 1591, 2002 WL 31473840, *1 (N.D. Ill. Nov. 4, 2002).

41. First Midwest has requested documents in OneBeacon's possession, custody and/or control relating to the Kevin Dick claim, as between OneBeacon, Gallagher Bassett and Central Leasing, which would include any and all documents and/or communications relating to any payments made by Central Leasing and any payments made by OneBeacon/Gallagher Bassett in relation to the Kevin Dick workers' compensation claim. Additionally, First Midwest has requested information relating to the billing process for Central Leasing under the Deductible Agreement Program.

42. This information and the requested documents are relevant to First Midwest's unjust enrichment claim because they go to establishing whether OneBeacon is entitled to any portion of the proceeds from the Check. If the documents show that Central Leasing either paid or reimbursed OneBeacon/Gallagher Bassett for any payments made in relation to the Kevin Dick workers' compensation claim, that evidence would be relevant to First Midwest's defense that allowing OneBeacon to recover the full portion of the Check would result in an unjust windfall.

43. To date, OneBeacon has failed to provide First Midwest with even the simplest of request, which is proof of payment on the Kevin Dick workers' compensation claim. OneBeacon should be compelled to come forward with evidence to either dispel or support First Midwest's affirmative defense.

44. Based on the foregoing, and pursuant to Federal Rules of Civil Procedure 33, 34 and 37, First Midwest respectfully requests that the Court order OneBeacon to issue complete responses to the Request for Interrogatories and the Request for Documents within 30 days.

45. Furthermore, pursuant to Federal Rule of Civil Procedure 37(a)(4)(A), First Midwest respectfully requests that the Court order OneBeacon to pay First Midwest's costs and

expenses associated with attempting to obtain information and documents from OneBeacon, including, but not limited to, the costs and expenses of preparing and filing this Motion.

WHEREFORE, for the foregoing reasons, First Midwest requests that this Court enter an order compelling OneBeacon to fully respond to the Request for Interrogatories Nos. 2, 3, and 4 and the Request for Documents Nos. 1, 2, 5, 6, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, and 26, all relating to the Kevin Dick workers' compensation claim and any payments made by or on behalf of Central Leasing in relation to the Kevin Dick workers' compensation claim within 30 days. First Midwest also requests that this Court order OneBeacon to pay fees and costs associated with bringing this Motion, together with whatever other relief the Court deems appropriate.

Dated: <u>August 4, 2008</u>

Respectfully submitted,

**FIRST MIDWEST BANK**

By: <u>/s/ Angela Stinson-Marti</u>
   One of its attorneys

Craig White
Angela Stinson-Marti
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive
Chicago, Illinois
Phone: 312-201-2000

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on August 4, 2008, a copy of the foregoing Defendant First Midwest Bank's Motion to Compel, was electronically filed with the Clerk of the Court of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF System, with electronic notification going to all counsel of record.

/s/ Angela Stinson-Marti