UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ONEBEACON INSURANCE CO. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 6905 |
| | ) | Magistrate Judge Sidney I. Schenkier |
| FIRST MIDWEST BANK, | ) | Judge David H. Coar |
| | ) | |
| Defendant. | ) | |

**ONEBEACON INSURANCE CO.'S RESPONSES TO FIRST MIDWEST BANK'S INTERROGATORIES**

NOW COMES Plaintiff, ONEBEACON INSURANCE COMPANY ("OneBeacon"), by its attorneys, Cozen O'Connor, and responds to Defendant, FIRST MIDWEST BANK's ("First Midwest") Interrogatories as follows:

**GENERAL OBJECTIONS**

OneBeacon objects to the Interrogatories to the extent they request that OneBeacon identify documents or provide information not in its possession and/or which is already in the possession of the propounding party or in the possession of person(s) over whom OneBeacon has no control, on the grounds that such Interrogatories exceed the permissible scope of discovery. OneBeacon refuses to provide such answers and shall limit its answers hereto as provided by the applicable Federal Rules of Civil Procedure.

1.    OneBeacon objects to the Interrogatories to the extent they impose upon OneBeacon an excessive or undue burden to make an unreasonable investigation at substantial and unnecessary costs or that they are made with the intent to harass.

2. OneBeacon objects to the Interrogatories to the extent they are ambiguous, or otherwise lack sufficient definition to permit OneBeacon to formulate a meaningful answer.

3. OneBeacon objects to every instruction, definition and Interrogatory to the extent they may be construed as seeking to elicit the disclosure of information or a communication which is subject to a claim of privilege, including, without limitation, the attorney-client privilege, the attorney work product doctrine, and which has been or is prepared in anticipation of trial of this matter. Any inadvertent disclosure of information falling within the scope of any privilege, immunity or protections shall not constitute a waiver of such privilege, immunity or protection.

4. OneBeacon objects to the Interrogatories to the extent they require OneBeacon to identify documents or provide information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of relevant, admissible evidence.

5. OneBeacon objects to the Interrogatories to the extent they seek disclosure of personal, confidential or proprietary business information of non-parties to this litigation, and production of any such documents shall be made only subject to entry of an appropriate Confidentiality Order, and any other measures which are necessary to protect the privacy of non-parties.

6. OneBeacon objects to each and every Instruction, Definition and Interrogatory to the extent they are vague, unlimited or overbroad in scope or time. Without such limitation, any such Interrogatory is irrelevant, unreasonable, unduly burdensome, harassing, vexatious and oppressive.

7. OneBeacon objects to the Interrogatories to the extent they seek documents and/or information already in the public domain, already in the possession of and/or reasonably

available to First Midwest from a source other than OneBeacon and in a more convenient, less burdensome, and less expensive manner.

8. OneBeacon objects to the Interrogatories to the extent they seek to impose obligations upon OneBeacon that are different from, or in addition to, those which are authorized and permissible under the Federal Rules of Civil Procedure. OneBeacon refuses to provide such answers and shall limit its answers hereto as provided by the applicable Federal Rules of Civil Procedure.

9. OneBeacon objects to the Interrogatories to the extent that they seek disclosure of confidential, proprietary, secret, financial, commercially-protected, and/or other non-public documents and/or information, and production of any such documents shall be made only subject to entry of an appropriate Confidentiality Order, and any other measures which are necessary to protect the privacy of OneBeacon.

10. OneBeacon objects to these Interrogatories to the extent that they violate Federal Rules of Civil Procedure 33 in that they exceed 25 in number without leave of Court.

11. The General Objections are incorporated by reference into each and every Objection and Answer to the Interrogatories.

## INTERROGATORIES

1. Please identify each person who assisted in answering these Interrogatories, and specify the specific Interrogatory and portions thereof which he/she helped answer.

**RESPONSE**: Sarah Pupurs.

2. Please explain in detail Gallagher Bassett's role and responsibilities with respect to the Kevin Dick workers' compensation claim, including, without limitation, describing in detail any and all payments made by it on behalf of Central Leasing.

**RESPONSE**: Subject to and notwithstanding all of the general objections, Gallagher Bassett was the third party administrator for the workers' compensation program between OneBeacon and Central Leasing Management, Inc. ("Central Leasing").

3. Please explain in detail Your role and responsibilities with respect to the Kevin Dick workers' compensation claim, including, without limitation, describing in detail any and all payments made by You on behalf of Central Leasing.

**RESPONSE**: Subject to and notwithstanding all of the general objections, OneBeacon underwrote the workers' compensation program for Central Leasing.

4. Please explain in detail the billing process under the Deductible Agreement, including without limitation, how often Central Leasing received bills under the deductible program, whether Central Leasing received bills on a per claim basis, or whether Central Leasing was billed monthly or quarterly for claims in the aggregate, the process for any credit balances, and whether and to what extent any credit balances could be applied to any future amounts.

**RESPONSE**: Subject to and notwithstanding all of the general objections, OneBeacon specifically objects to interrogatory no. 4 on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

5. Please identify all persons known to you to have any knowledge of any fact concerning any of the claims or defenses asserted in The Lawsuit, and for each please summarize the content of their relevant knowledge.

**RESPONSE**: Subject to and notwithstanding all of the general objections,

    1. Dan Opferman of Midwest Insurance. Mr. Opferman has knowledge regarding Central Leasing's receipt and conversion of the <u>Dick</u> settlement check issued by Anesi, Ozmon, Rodin, Novak & Kohen, Ltd. ("Anesi Ozmon") and made payable to both Central Leasing and Gallagher Bassett Services, Inc. ("Gallagher Bassett"). Mr. Opferman also has knowledge of

        First Midwest's decision to improperly honor the check with only one of the two necessary endorsements.

2. Todd Hammond of Midwest Insurance. Mr. Hammond has knowledge regarding Central Leasing's receipt and conversion of the <u>Dick</u> settlement check issued by Anesi Ozmon and made payable to both Central Leasing and Gallagher Bassett. Mr. Hammond also has knowledge of First Midwest's decision to improperly honor the check with only one of the two necessary endorsements.

3. Judy Frank, Linda Kluber and Betty Evans of Gallagher Bassett. These witnesses have knowledge regarding Central Leasing's receipt and conversion of the <u>Dick</u> settlement check from Anesi Ozmon and Gallagher Bassett's assignment of the claim to OneBeacon.

4. Gregory Vacala and Michael Rusin of Rusin, Maciorowski & Friedman. Messrs. Vacala and Rusin have knowledge regarding the settlement of the <u>Dick</u> matter. Mr. Vacala also authored a letter to Central Leasing with instructions to endorse the check and forward it to Gallagher Bassett.

5. Charles McAllister. Mr. McAllister has knowledge regarding the <u>Dick</u> settlement, Central Leasing's conversion of the settlement check from Anesi Ozmon, and Gallagher Bassett's assignment of the claim to OneBeacon.

6. Unknown employees of First Midwest who improperly honored the check with only one of the two necessary endorsements.

6. Please identify each lay witness whom you intend to have testify at the time of trial as to any opinions or inferences. For each such witness, please state: a) the nature of the opinion or inference upon which they will testify; b) their name, address and telephone number; c) summary of the grounds for each opinion; and d) the identity of any document supporting their opinion or inference.

**RESPONSE**: Subject to and notwithstanding all of the general objections, OneBeacon does not intend to call any witnesses to testify to any opinions.

7. Identify all damages which you claim in this case and for each specify the following: a) the nature of the damages; b) the amount of the damages; c) how you calculate the

5

amount of damages; and d) all documents which support the calculations or your claim to damages.

**RESPONSE**: OneBeacon's damages are $237,382.00, plus interest, attorney's fees and costs. This sum is based on the amount of the check that First Midwest improperly honored.

8.   Describe in detail all facts which support, refute and/or relate to any of the claims or defenses in The Lawsuit.

**RESPONSE**: Subject to and notwithstanding all of the general objections, OneBeacon refers First Midwest to its Amended Complaint and First Midwest's answers to OneBeacon's requests to admit.

As to objections,

Dated:  June 6, 2008

ONEBEACON INSURANCE COMPANY

By: _____
One of its Attorneys

Bruce M. Lichtcsien
COZEN O'CONNOR
222 South Riverside Plaza, Suite 1500
Chicago, IL 60606
312.382.3100

CHICAGO\627977\1 216174.000

## **VERIFICATION**

    Under penalties as provided by law, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

*/s/ Sarah Pupuis*
Sarah Pupuis

## **CERTIFICATE OF SERVICE**

Under penalties as provided by law, the undersigned certifies that the foregoing document was served on counsel of record listed below by First Class Mail with proper postage prepaid this 6th day of June, 2008.

_____

Craig M. White, Esq.
Jason Logue, Esq.
Angela L. Stinson-Marti, Esq.
Wildman, Harrold, Allen & Dixon, LLP
225 West Wacker Drive
Suite 2800
Chicago, Illinois  60606