UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ONEBEACON INSURANCE CO. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 6905 |
| | ) | Magistrate Judge Sidney I. Schenkier |
| FIRST MIDWEST BANK, | ) | Judge David H. Coar |
| | ) | |
| Defendant. | ) | |

**ONEBEACON INSURANCE CO.'S RESPONSES TO FIRST MIDWEST BANK'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

NOW COMES Plaintiff, ONEBEACON INSURANCE COMPANY ("OneBeacon"), by its attorneys, Cozen O'Connor, and responds to Defendant, FIRST MIDWEST BANK's ("First Midwest") First Request for the Production of Documents as follows:

**GENERAL OBJECTIONS**

1.      OneBeacon objects to the Requests to the extent they request that OneBeacon identify documents or provide information not in its possession and/or which is already in the possession of the propounding party or in the possession of person(s) over whom OneBeacon has no control, on the grounds that such Requests exceed the permissible scope of discovery. OneBeacon refuses to provide such responses and shall limit its responses hereto as provided by the applicable Federal Rules of Civil Procedure.

2.      OneBeacon objects to the Requests to the extent they impose upon OneBeacon an excessive or undue burden to make an unreasonable investigation at substantial and unnecessary costs or that they are made with the intent to harass.

3.      OneBeacon objects to the Requests to the extent they are ambiguous or otherwise lack sufficient definition to permit OneBeacon to formulate a meaningful response.

4.      OneBeacon objects to every instruction, definition and Request to the extent they may be construed as seeking to elicit the disclosure of information or a communication which is subject to a claim of privilege, including, without limitation, the attorney-client privilege, the attorney work product doctrine, and which has been or is prepared in anticipation of trial of this matter.  Any inadvertent disclosure of information falling within the scope of any privilege, immunity or protections shall not constitute a waiver of such privilege, immunity or protection.

5.      OneBeacon objects to the Requests to the extent they require OneBeacon to identify documents or provide information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of relevant, admissible evidence.

6.      OneBeacon objects to the Requests to the extent they seek disclosure of personal, confidential or proprietary business information of non-parties to this litigation, and production of any such documents shall be made only subject to entry of an appropriate Confidentiality Order, and any other measures which are necessary to protect the privacy of non-parties.

7.      OneBeacon objects to each and every Instruction, Definition and Request to the extent they are vague, unlimited or overbroad in scope or time.  Without such limitation, any such Request is irrelevant, unreasonable, unduly burdensome, harassing, vexatious and oppressive.

8.      OneBeacon objects to the Requests to the extent they seek documents and/or information already in the public domain, already in the possession of and/or reasonably available to First Midwest from a source other than OneBeacon and in a more convenient, less burdensome, and less expensive manner.

9.      OneBeacon objects to the Requests to the extent they seek to impose obligations upon OneBeacon that are different from, or in addition to, those which are authorized and permissible under the Federal Rules of Civil Procedure.  OneBeacon refuses to provide such

responses and shall limit its responses hereto as provided by the applicable Federal Rules of Civil Procedure.

10.    OneBeacon objects to the Requests to the extent they seek disclosure of confidential, proprietary, secret, financial, commercially-protected, and/or other non-public documents and/or information, and production of any such documents shall be made only subject to entry of an appropriate Confidentiality Order, and any other measures which are necessary to protect the privacy of OneBeacon.

11.    The General Objections are incorporated by reference into each and every Objection and Response to the Requests.

## DOCUMENT REQUESTS

1.    Any and all documents relating to the Kevin Dick workers' compensation claim as described in The Complaint, including but not limited to any claim reports, claim notes, correspondence, workers' compensation liens, billing statements and medical bills.

**RESPONSE**: Subject to and notwithstanding all of the general objections, OneBeacon specifically objects to request no. 1 on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

2.    Any all documents relating to any and all statements, bills, and/or invoices submitted to You, Central Leasing and/or Gallagher Bassett for payment in relation to the Kevin Dick workers' compensation claim.

**RESPONSE**: Subject to and notwithstanding all of the general objections, OneBeacon specifically objects to request no. 2 on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

3.      Any and all communications between You and Gallagher Bassett which in any way relate to the Kevin Dick workers' compensation claim as described in The Complaint.

**RESPONSE**: Subject to and notwithstanding all of the general objections, see attached documents.

4.      Any and all communications between You and/or Gallagher Bassett and Central Leasing which in any way relate to the Kevin Dick workers' compensation claim as described in The Complaint.

**RESPONSE**: Subject to and notwithstanding all of the general objections, see attached documents.

5.      Any and all documents reflecting any payments made to Kevin Dick by You or Gallagher Bassett relating to the workers' compensation claim described in The Complaint.

**RESPONSE**:  Subject to and notwithstanding all of the general objections, OneBeacon specifically objects to request no. 5 on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

6.      Any and all documents reflecting any payments made by Central Leasing relating to the Kevin Dick workers' compensation claim.

**RESPONSE**: Subject to and notwithstanding all of the general objections, OneBeacon specifically objects to request no. 6 on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

7.      Any and all communications between any of Kevin Dick's attorneys from the law firm of Anesi Ozmon, Rodin, Novak & Kohen, Ltd. ("Anesi Ozmon") and Gallagher Bassett related in any way to the events described in The Complaint.

**RESPONSE**: Subject to and notwithstanding all of the general objections, OneBeacon specifically objects to request no. 7 on the grounds that it is overly broad and unduly burdensome. Subject to the foregoing, see attached documents.

8.      Any and all communications between any attorneys from Anesi Ozmon and You related in any way to the events described in The Complaint.

**RESPONSE**: Subject to and notwithstanding all of the general objections, OneBeacon specifically objections to request no. 8 on the grounds that it is overly broad and duly burdensome. Subject to the foregoing, OneBeacon does not have any documents between Kevin Dick's attorneys and OneBeacon regarding First Midwest's decision to honor the check.

9.      Any and all communications between You and Gallagher Bassett related to Your claims against First Midwest Bank.

**RESPONSE**: Subject to and notwithstanding all of the general objections, see attached documents.

10.      Any and all communications between You and Central Leasing related to Your claims against First Midwest Bank.

**RESPONSE**: Subject to and notwithstanding all of the general objections, OneBeacon specifically objects to request no. 10 on the grounds that it is overly broad and duly burdensome. Subject to the foregoing, OneBeacon does not have any documents between Central Leasing and OneBeacon regarding First Midwest's decision to honor the check.

11.      Any and all communications between Gallagher Bassett and Central Leasing related to Your claims against First Midwest.

**RESPONSE**: Subject to and notwithstanding all of the general objections, OneBeacon specifically objects to request no. 11 on the grounds that it is overly broad and duly burdensome. Subject to the foregoing, see attached documents.

12.    Any and all documents related to your claims against First Midwest.

**RESPONSE**: Subject to and notwithstanding all of the general objections, see attached documents.

13.    All documents, including but not limited to bills and/or invoices, sent to You and/or Gallagher Bassett to Central Leasing related to the Kevin Dick workers' compensation claim described in The Complaint.

**RESPONSE**: Subject to and notwithstanding all of the general objections, OneBeacon specifically objects to request no. 13 on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

14.    Any and all documents and/or communications sent by You to Central Leasing regarding any payments due in relation to the Kevin Dick workers' compensation claim.

**RESPONSE**: Subject to and notwithstanding all of the general objections, OneBeacon specifically objects to request no. 14 on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

15.    Any and all documents and/or communications sent by Gallagher Bassett to Central Leasing regarding any payments due in relation to the Kevin Dick workers' compensation claim.

**RESPONSE**: Subject to and notwithstanding all of the general objections, OneBeacon specifically objects to request no. 15 on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

6

16.     Any and all documents and/or communications, in any form, from Central Leasing to You and/or Gallagher Bassett regarding any payments due in relation to the Kevin Dick workers' compensation claim.

**RESPONSE**:  Subject to and notwithstanding all of the general objections, OneBeacon specifically objects to request no. 16 on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

17.     Any and all documents and/or communications, in any form, between You, on the one hand, and Gallagher Bassett, on the other hand, that relate to any payments made to Kevin Dick in relation to the workers' compensation claim described in The Complaint.

**RESPONSE**:  Subject to and notwithstanding all of the general objections, OneBeacon specifically objects to request no. 17 on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

18.     Any and all documents and/or communications, in any form, between You and/or Gallagher Bassett, on the one hand, and Central Leasing, on the other hand, that relate to any payments made to Kevin Dick in relation to the workers' compensation claim described in The Complaint.

**RESPONSE**:  Subject to and notwithstanding all of the general objections, OneBeacon specifically objects to request no. 18 on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

19.     Any and all documents and/or communications, in any form, between You, on the one hand, and Gallagher Bassett, on the other hand, that relate to any payments made by Central Leasing, and/or the lack thereof, in relation to the Kevin Dick workers' compensation claim as described in The Complaint.

7

**RESPONSE**: Subject to and notwithstanding all of the general objections, OneBeacon specifically objects to request no. 19 on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

20.     Any and all documents and/or communications, in any form, between You and/or Gallagher Bassett, on the one hand, and Central Leasing, on the other hand, that relate to any payments made by Central Leasing, and/or the lack thereof, in relation to the Kevin Dick workers' compensation claim as described in The Complaint.

**RESPONSE**: Subject to and notwithstanding all of the general objections, OneBeacon specifically objects to request no. 20 on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

21.     Any and all documents supporting Your claim that the check from Anesi Ozmon was intended to satisfy Your workers' compensation lien as alleged in Paragraph 13 of The Complaint.

**RESPONSE**: Subject to and notwithstanding all of the general objections, OneBeacon specifically objects to request no. 21 on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

22.     Any and all documents supporting Your claim that You paid $237,382 in workers' compensation benefits to Kevin Dick as alleged in Paragraph 10 and 13 of The Complaint.

**RESPONSE**: Subject to and notwithstanding all of the general objections, OneBeacon specifically objects to request no. 22 on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

23.     Any and all communications between You and/or Gallagher Bassett, on the one side, and anyone from the law firm of Rusin Maciorowski & Friedman, Ltd., on the other side, in relation to the events described in The Complaint.

**RESPONSE**: Subject to and notwithstanding all of the general objections, see attached documents.

24.     Any and all deposition transcripts from The Central Leasing Lawsuit and/or Counterclaim in which the events described in The Complaint were discussed.

**RESPONSE**: Subject to and notwithstanding all of the general objections, One Beacon OneBeacon specifically objects to request no. 24 on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence .

25.     Any and all interrogatories and answers to interrogatories served by any party in connection with The Central Leasing Lawsuit and/or Counterclaim.

**RESPONSE**: Subject to and notwithstanding all of the general objections, OneBeacon specifically objects to request no. 25 on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

26.     Any and all requests to admit and answers to requests to admit served by any party in connections with The Central Leasing Lawsuit and/or Counterclaim.

**RESPONSE**: Subject to and notwithstanding all of the general objections, OneBeacon specifically objects to request no. 26 on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

27.     A copy of Central Leasing's  complete workers' compensation policy with You as described in The Complaint, including any and all riders and schedules.

**RESPONSE**: Subject to and notwithstanding all of the general objections, OneBeacon specifically objects to request no. 27 on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

28.    A complete copy of the Deductible Agreement as described in The Complaint.

**RESPONSE**: Subject to and notwithstanding all of the general objections, OneBeacon specifically objects to request no. 28 on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

29.    Any and all communications between You and Gallagher Bassett related to the events described in The Complaint.

**RESPONSE**: Subject to and notwithstanding all of the general objections, see attached documents.

30.    Any and all communications between You and Central Leasing related to the events described in The Complaint.

**RESPONSE**: Subject to and notwithstanding all of the general objections, OneBeacon specifically objects to request no. 30 on the grounds that it is overly broad and duly burdensome. Subject to the foregoing, OneBeacon does not have any documents between Central Leasing and OneBeacon regarding First Midwest's decision to honor the check.

31.    Any and all communications between Gallagher Basset and Central Leasing related to the events described in The Complaint.

**RESPONSE**: Subject to and notwithstanding all of the general objections, OneBeacon specifically objects to request no. 31 on the grounds that it is overly broad and duly burdensome. Subject to the foregoing, see attached documents.

32.    Any and all documents supporting Your claims against First Midwest as alleged in The Complaint.

**RESPONSE**:  Subject to and notwithstanding all of the general objections, see attached documents.

33.    Any and all documents made by You and/or Gallagher Bassett or known to You and/or Gallagher Bassett which are relevant or material to any claim or defense in The Lawsuit, including but not limited to, any photographs, charts, graphs, plats, drawings, movies, videotapes, audiotapes, computer files, electronic information, documents or any other evidentiary items.

**RESPONSE**:  Subject to and notwithstanding all of the general objections, see attached documents.


Dated:  June 6, 2008                                          ONEBEACON INSURANCE COMPANY


                                              By:    _____
                                                       One of its Attorneys


Bruce M. Lichtcsien
COZEN O'CONNOR
222 South Riverside Plaza, Suite 1500
Chicago, IL 60606
312.382.3100

CHICAGO\627982\1  216174.000


11

## CERTIFICATE OF SERVICE

Under penalties as provided by law, the undersigned certifies that the foregoing document was served on counsel of record listed below by First Class Mail with proper postage prepaid this 6th day of June, 2008.

Craig M. White, Esq.
Jason Logue, Esq.
Angela L. Stinson-Marti, Esq.
Wildman, Harrold, Allen & Dixon, LLP
225 West Wacker Drive
Suite 2800
Chicago, Illinois  60606

Check Services                                                                Page 1 of 1

# Check Inquiry
## Detail

Account: 448079  Trust Acct
Check Number: 68434

*Click on Option hyperlink to perform maintenance*

**User:**

**Mary Mattick**
**03/02/2007 05:24 PM GMT**

**Activity**
- Inquiry
- Place
- Remove
- Batch Summary

**Reports**
- Place Activity
- Remove Activity
- History

- Exit

| Amount | Status | Date | Stop Request Date | Stop Expire Date | Action | Return Indicator |
|--------|--------|------|-------------------|------------------|--------|------------------|
| $237,382.00 | Paid | 01/04/2007 | | | Request Photocopy | |

ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD.
**TRUST ACCOUNT**
**ATTORNEYS AT LAW**
161 NORTH CLARK STREET, 21ST FLOOR
CHICAGO, ILL. 60601

JPMORGAN CHASE BANK, N.A.
CHICAGO, ILLINOIS 60670
2-1-710

68434

PAY

| DATE | CHECK NO. | CHECK AMOUNT |
|------|-----------|--------------|
| 12/21/06 | 68434 | $237,382.00 |

TWO HUNDRED THIRTY SEVEN THOUSAND THREE HUNDRED EIGHTY TWO DOLLARS & 00/100

TO
THE
ORDER
OF

CENTRAL LEASING MANAGEMENT INC., AND GALLAGHER BASSETT
SERVICES, INC.

⑆068434⑆ ⑆071000013⑆  00448079⑈  ⑆0023738200⑆



## Rusin Maciorowski Friedman

A T T O R N E Y S   A T   L A W

**Rusin Maciorowski & Friedman, Ltd.**

**10 South Riverside Plaza
Suite 1530
Chicago, Illinois 60606-3802
312-454-5110
Fax: 312-454-6166**

www.rusinlaw.com

| Direct dial | 312-454+four digits |
|---|---|
| Michael E. Rusin | 5119 |
| John A. Maciorowski | 5123 |
| Stephen J. Friedman | 5118 |
| Gregory G. Vacala* | 5298 |
| Daniel W. Arkin | 5115 |
| Randall R. Stark | 5117 |
| Kenneth N. Marshall | 5299 |
| Daniel R. Egan | 5224 |
| Mark P. Rusin | 5120 |
| Theodore J. Powers | 5137 |
| Gregory A. Rode | 5220 |
| Stuart M. Pellish | 5131 |
| Joseph A. Marciniak | 5225 |

| | |
|---|---|
| Joseph N. Casciato | 5134 |
| Circuit Court Judge, Cook County 1982-2004 (retired) | |

| | |
|---|---|
| Matthew T. Amedeo | 5138 |
| Joseph P. Basile | 5126 |
| Brent W. Halbleib* | 5125 |
| William J. Harrington | 5128 |
| Julie M. Kamps | 5139 |
| Allison Hill McJunkin | 5227 |
| Jennifer L. Meyer | 5132 |
| Kelly M. Moore | 5223 |
| Nadine Neue | 5222 |
| Ivan Nieves | 5136 |
| Cristina C. Nolan* | 5129 |
| R. Elizabeth Pichulik | 5133 |
| Robert P. Sabetto | 5221 |
| Edward R. Tomkowiak | 5122 |

**2506 Galen Drive
Suite 104
Champaign, Illinois 61821-7047
217-351-1700
Fax: 217-351-1732**

R. Mark Cosimini
Supervising Partner
Terry E. Schroeder

**239 South Lewis Lane
Suite A
Carbondale, Illinois 62901-3443
618-351-8100
Fax: 618-351-8109**

Thomas E. Margolis
Supervising Partner
Farrah L. Anderson
Catherine K. Cosimi

* Also licensed in Missouri

December 19, 2006

**PRIVILEGED & CONFIDENTIAL**
**VIA FEDERAL EXPRESS**
Mr. Todd Hammond
Central Leasing Management, Inc.
c/o Midwest Insurance Agency Inc.
1420 Kensington Road, Suite 203
Oak Brook, IL 60523

Re:   Kevin Dick v. Joliet Steel/Central Leasing
      Industrial Commission No. 01 WC 29930
      Circuit Court of Will County 02 L 136
      D/A: 4-14-01
      Your File: 001436-000432-WC-01

Dear Todd:

I am enclosing the check of Anesi, Ozmon, Rodin, Novak & Kohen, Ltd. trust account number 68434 in the amount of $237,382.00 dated 12/21/06 payable to "Central Leasing Management, Inc. and Gallagher Bassett Services, Inc."

Please endorse the check on behalf of Central Leasing Management, Inc. and then direct the check to the following: Gallagher Bassett Services, Inc., 4507 North Sterling, #401, Peoria, IL 61615, Attention: Betty Evans, File Number: 001436-000432-WC-01, Telephone number 1-309-686-2191, Ext. 202.

The check is the recovery of lien as agreed.

I believe there still may be some more settlement documents to distribute amongst the parties. I will take care of same.

Thank you for your cooperation. Best wishes for the holidays.

Sincerely,

Gregory G. Vacala

GGV/syw
Enclosure                                    F:\DOCS\2904\10\00504779.DOC

cc:   Todd Hammond – Central Leasing Management, Inc. (via e-mail)
      Betty Evans – Gallagher Bassett Services (via e-mail)
      Carmen Della Terza - One Beacon Insurance (via e-mail)

REDACTED

REDACTED

-----Original Message-----
From: Betty_Evans@gbtpa.com [mailto:Betty_Evans@gbtpa.com]
Sent: Friday, March 02, 2007 2:40 PM
To: McAllister, Charles J
Cc: Peter_Lawson@gbtpa.com
Subject: Fw: Dick v. Brandolino - front & back of check No. 68434 (faxed by Attorney Comeau) is attached

Mr. McCallister:
Attached please find a copy of the front and back of the check per your request.

Betty
----- Forwarded by Betty Evans/CENTRAL/CM/GBSI on 03/02/2007 01:38 PM -----

              "Novak, Char"

              <cnovak@rusinlaw.

              com>

To
                        <Betty_Evans@gbtpa.com>

          03/02/2007 01:31
cc
          PM                "Vacala, Greg"

                        <gvacala@rusinlaw.com>

Subject
                        Dick v. Brandolino -  front &
back
                        of check No. 68434 (faxed by

2

Attorney Comeau) is attached

Charlene Novak

Secretary to Gregory G. Vacala.

Rusin Maciorowski & Friedman, Ltd.

10 S. Riverside Plaza, Suite 1530

Chicago, IL  60606-3803

(312) 775-8615 (direct)

cnovak@rusinlaw.com

(See attached file: 20070302132652.pdf)

Confidentiality notice: The information contained in this email message including attachments is confidential and is intended only for the use of the individual or entity named above and others who have been specifically authorized to receive it.  If you are not the intended recipient, you are hereby notified that any use, unauthorized dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please delete immediately or if any problems occur with transmission, please notify me immediately by telephone.  Thank you.

3



-----Original Message-----
From: Betty_Evans@gbtpa.com [mailto:Betty_Evans@gbtpa.com]
Sent: Tuesday, October 30, 2007 4:29 PM
To: McAllister, Charles J
Cc: Linda_Kluber@gbtpa.com
Subject: RE: DSR For Claim 001436-000432-WE-01 DICK, KEVIN

Chas:
I was finally able to reach Joe Broz of Midwest Bank. He advised me they have a denial letter in the works. He has drafted the letter and it is now
being reviewed by their legal counsel, Paul Simpson.   Joe states they are
denying it based on the fact that it was properly negotiated.  When I questioned him as to what he meant he stated the Mr. Hammond said that it was negotiated. Would not give me much more information just stated I would be getting denial letter shortly.  Also advised me that they were working with a LADY from Chase bank, however, he could not give me her name as he did not have his file in front of him.

Betty


|  |  |  |
|---|---|---|
| To | "McAllister,<br><br>Charles J"<br><br><CMcAllister@One<br><br>Beacon.com> | <Betty_Evans@gbtpa.com> |
| cc | 10/30/2007 08:19<br><br>AM |  |
| Subject | RE: DSR For Claim<br><br>001436-000432-WE-01 DICK, KEVIN |  |

1

Did you receive a response from Joe?  Thanks - Chas

-----Original Message-----
From: Betty_Evans@gbtpa.com [mailto:Betty_Evans@gbtpa.com]
Sent: Monday, October 15, 2007 11:10 AM
To: McAllister, Charles J
Subject: RE: DSR For Claim 001436-000432-WE-01 DICK, KEVIN

Chas:
I have left another message for Joe Broz of Midwest Bank. He works in the fraud department .  I
requested an update and requested he return my call today.

Betty


Confidentiality notice: The information contained in this email message including attachments is
confidential and is intended only for the use of the individual or entity named above and others
who have been specifically authorized to receive it.  If you are not the intended recipient, you are
hereby notified that any use, unauthorized dissemination, distribution, or copying of this
communication is strictly prohibited.  If you have received this communication in error, please
delete immediately or if any problems occur with transmission, please notify me immediately by
telephone.
Thank
you.


Confidentiality notice: The information contained in this email message including attachments is
confidential and is intended only for the use of the individual or entity named above and others
who have been specifically authorized to receive it.  If you are not the intended recipient, you are
hereby notified that any use, unauthorized dissemination, distribution, or copying of this
communication is strictly prohibited.  If you have received this communication in error, please
delete immediately or if any problems occur with transmission, please notify me immediately by
telephone.  Thank you.

2

**Lichtcsien, Bruce M.**

REDACTED

-----Original Message-----
From: Betty_Evans@gbtpa.com [mailto:Betty_Evans@gbtpa.com]
Sent: Monday, March 05, 2007 11:34 AM
To: McAllister, Charles J
Subject: Fw: Dick-E-copy Fed Ex letter to Todd w/recovery check for Receipt tomorrow


Chas:
Attached is the e-mail you requested.

Betty
----- Forwarded by Betty Evans/CENTRAL/CM/GBSI on 03/05/2007 10:33 AM
-----


       Todd Hammond

       <THammond@midwest

       insure.com>

To

               "Vacala, Greg"

12/20/2006 05:57        <gvacala@rusinlaw.com>,

PM          Betty_Evans@gbtpa.com, "Della

       terza,     Carmen P."

1

<CDellaterza@OneBeacon.com>

cc

Subject

RE: Dick-E-copy Fed Ex letter to
Todd w/recovery check  for
tomorrow

Receipt

At MY leisure.

From: Vacala, Greg [mailto:gvacala@rusinlaw.com]
Sent: Tuesday, December 19, 2006 3:02 PM
To: Todd Hammond; Betty_Evans@gbtpa.com; Della terza, Carmen P.
Subject: Dick-E-copy Fed Ex letter to Todd w/recovery check for Receipt
tomorrow

<<Hammond 12-19-06 (00504779).DOC>>

Privileged and Confidential

Todd will sign and get to Betty Evans in Peoria per direction of Jim
Bain.

Greg
19Dec06

Confidentiality notice: The information contained in this email message including attachments is confidential and is intended only for the use of the individual or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, you are hereby notified that any use, unauthorized dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please delete immediately or if any problems occur with transmission, please notify me immediately by telephone. Thank you.