UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ONEBEACON INSURANCE CO., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 07 C 6905 |
| FIRST MIDWEST BANK, | ) ) ) | |
| Defendant | ) | |

### AFFIDAVIT OF COMPLIANCE WITH LOCAL RULE 37.2

I, Angela Stinson-Marti, attest to the following:

1. I am counsel of record for First Midwest Bank ("First Midwest") in this case.

2. On May 23, 2008, I served interrogatories and requests for production on OneBeacon Insurance Company ("OneBeacon").

3. On or about June 6, 2008, OneBeacon served First Midwest with its responses to discovery.

4. Although OneBeacon responded to some limited aspects of the issued discovery, OneBeacon specifically objected to and refused to provide any discovery regarding the Kevin Dick workers' compensation claim as between OneBeacon, Gallagher Bassett and Central Leasing on grounds that the sought after discovery was irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. OneBeacon also specifically objected to and refused to provide any discovery relating to any payments made by or on behalf of Central Leasing in relation to the Kevin Dick workers' compensation claim on grounds that the sought after discovery was irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

5. On June 24, 2008, I conferred with counsel for OneBeacon, Bruce Lichtcsien, by phone to discuss OneBeacon's responses to discovery. At that time, we were unable to come to an agreement regarding OneBeacon's discovery obligations.

6. On June 25, 2008, we conferred twice, once in person, and again by phone later that same afternoon, in an effort to reach a compromise on the scope of discovery. At that time, counsel for OneBeacon, Bruce Lichtcsien, still disagreed that First Midwest was entitled to any of the requested discovery but agreed to discuss the issue further with his client.

7. On July 2, 2008, I conferred by phone with counsel for OneBeacon, Bruce Lichtcsien, to discuss the discovery dispute. During that conference, counsel for OneBeacon, Bruce Lichtcsien, agreed to provide First Midwest with documents relating to the Kevin Dick workers' compensation claim.

8. On or about July 11, 2008, I received written correspondence from counsel for OneBeacon, Bruce Lichtcsien, which enclosed five documents received from Kevin Dick's attorneys relating to the settlement of the third-party action. However, the production is not completely responsive because the documents **do not** show whether OneBeacon/Gallagher Bassett paid any money in relation to the Kevin Dick workers' compensation claim, nor do they provide any evidence of whether Central Leasing either paid or reimbursed OneBeacon/Gallagher Bassett any amounts in relation to the Kevin Dick workers' compensation claim. Since that time, I have not received any other documents from OneBeacon.

9. On July 31, 2008, I left a voice message for counsel for OneBeacon, Bruce Lichtcsien, stating that the additional discovery received did not complete OneBeacon's discovery obligations.

10. On August 4, 2008, counsel for OneBeacon contacted counsel for First Midwest by phone at 5:15 p.m. At that time, counsel for OneBeacon stated that earlier that day, he had sent an e-mail to his client to see if they could produce any further documents, however, counsel for OneBeacon had not yet received a response, and therefore, still was not in a position to tell counsel for First Midwest when First Midwest would receive responsive documents.

I declare under penalty of perjury that the foregoing is true and correct.

Angela Stinson-Marti
Counsel for First Midwest Bank