UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ONEBEACON INSURANCE CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.  07 C 6905 |
| ) | Magistrate Judge Sidney I. Schenkier |
| FIRST MIDWEST BANK, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On June 24, 2009, this Court issued Findings of Fact and Conclusions of Law in favor of OneBeacon Insurance Company ("OneBeacon") and against First Midwest Bank ("First Midwest"), awarding OneBeacon damages in the amount of $67,922.56 (doc. # 74). In its Findings of Fact and Conclusions of Law, the Court ruled that OneBeacon was entitled to recover costs as the prevailing party under Fed. R. Civ. P. 54(d), and that OneBeacon was entitled to recover prejudgment interest at the statutory rate of five percent per annum under 815 ILCS 205/2 (Findings of Fact and Conclusions of Law at 22-23). The Court set a schedule for OneBeacon to submit its bill of costs, and further ordered the parties to file an agreed calculation (or, if they could not agree, separate calculations) of prejudgment interest (*Id.* at 23).

The parties could not agree on the interest calculation, and so have submitted their respective positions on the amount of interest that should be added to the judgment (doc. ## 78, 81). In addition, OneBeacon has submitted a bill of costs (doc. # 75), which it later amended (doc. # 77) in response to an invitation by the Court to supply more detail to support its requests. First Midwest objects to some, but not all, of the requested costs (doc. # 81). Set forth below are the Court's rulings on these two remaining disputes.

I.

We begin with the dispute concerning prejudgment interest. The Court ordered that prejudgment interest is due on the $67,922.56 judgment from January 3, 2007 to the date of the judgment (Findings of Fact and Conclusions of Law at 22-23). Under Section 205/2, interest is calculated at the rate of "five (5) per centum per annum." The parties disagree about whether Section 205/2 requires a simple interest calculation (as First Midwest contends) or instead requires that the interest be compounded annually (as OneBeacon contends). This disagreement makes only minimal difference to the bottom line interest calculation, which amounts to $8,401.68 if calculated on a simple basis (doc. # 80: First Midwest's Calculation at 2) and $8,726.34 if calculated on a compound basis (doc. #78: OneBeacon's Calculation at 2).

One wonders at the willingness of the parties to argue about this trivial amount. The parties no doubt could have saved their clients money by agreeing to compromise this disagreement over $324.66, which we suspect was less than the attorneys' fees the parties spent arguing about the issue. Of course, if the parties wish to have the Court to resolve such an immaterial matter, they are free to do so – however economically unwise that decision might be. However, if they choose to enlist the Court in resolving the dispute, they should not economize on their submissions to the Court by failing to cite (or perhaps research) the case law relevant to their respective contentions.

That said, our own research satisfies the Court that interest under Section 205/2 should be calculated on a simple rather than compound basis. Nearly 100 years ago, the Illinois Appellate Court held that the predecessor to Section 205/2 does not authorize the compounding of interest. *Ade v. Ade*, 181 Ill. App. 577, *2 (1913). That is in line with the approach under Illinois law that disfavors the compounding of interest. *See Harrington v. Kay*, 483 N.E.2d 560, 570 (Ill. App. 1985).

Moreover, the fact that Section 205/2 speaks of awarding the five per cent rate of interest "per annum" does not imply that interest should be compounding annually. *See Helland v. Helland*, 573 N.E.2d 357, 359 (Ill. App.3d 1991) (holding that language in a promissory note providing for interest at the rate of "8% per annum" did not indicate that interest should be compounded, but instead merely noted the frequency at which the rate of interest was applied).

We therefore award OneBeacon $8,401.68 in prejudgment interest. Accordingly, we direct the entry of judgment in favor of OneBeacon and against First Midwest in the amended amount of $76,324.24 (reflecting a damage award of $67,922.56 plus prejudgment interest of $8,401.68 from January 3, 2007 through June 24, 2009).

## II.

OneBeacon seeks costs totaling $1,687.87 (doc. # 75). The Court may award costs that "fall into one of the categories of costs statutorily authorized for reimbursement." *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000). Under 28 U.S.C. § 1920, a federal court may tax as costs the following: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of Court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretative services under 28 U.S.C. § 1828. The award of costs to a prevailing party depends on whether the expenses sought are "reasonable in amount and necessity." *McCabe v. City of Chicago*, 593 F. Supp. 665, 669 (N.D. Ill. 1984). The prevailing party has the "burden of demonstrating the amount of its recoverable costs." *Tellular Corp. v. Mentor Graphics Corp.*, No. 01 C 431, 2006 WL 172237, at

*1 (N.D. Ill. June 16, 2006).

In this case, OneBeacon seeks $350.00 for its filing fee and $279.85 for one deposition transcript. First Midwest does not object to either of those requests, which total $629.85. First Midwest objects to each of OneBeacon's other requests for costs. We find that those objections have merit.

*First,* First Midwest objects to a request for $81.90 in copying costs (Def. Obj. at 3-4). First Midwest points out that while OneBeacon has offered evidence to show that those costs were incurred, it has offered no information to show what was copied or why those copying costs were "reasonable in amount and necessity." Since OneBeacon had the burden of proving that the copying was reasonably necessary and was not merely for attorney convenience, OneBeacon's failure of proof on this point leads us to deny the request for copying costs.

*Second,* First Midwest to OneBeacon's remaining requests on the ground that the items of cost in issue are not recoverable under Section 1920 (Def. Obj. at 4-7). The requests in issue are costs for online legal research ($938.91), online document retrieval through the PACER system ($13.36), cab fare to a deposition ($12.00), and postage ($11.85). Again, we agree with First Midwest.

Seventh Circuit law is clear that costs for online legal research is recoverable only as part of an award of attorneys' fees, and are not recoverable under Rule 54(d) and Section 1920. *E.g., Haroco, Inc. v. Am. Nat'l Bank and Trust Co.*, 38 F.3d 1429, 1440-41 (7th Cir. 1994) (explaining that computer research costs are "more akin to awards under attorney's fees provisions than under costs"); *see also Angevine v. Watersaver Faucet Co.*, No. 02 C 8114, 2003 WL 23019165, * 9 (N.D. Ill. Dec. 23, 2003) (online research is recoverable only as part of any attorneys' fee award). Since

4

we already have held that OneBeacon is not entitled to an award of attorneys' fees in this case (Conclusion of Law No. 31), it is not entitled to recover online legal research costs. The same is true for costs of retrieving documents through the PACER system, *Angevine*, 2003 WL 23019165, *9, and for travel, *Calderon v. Witvoet, Sr.*, 112 F.3d 275, 276 (7th Cir. 1997), which are compensable only in connection with an attorneys' fees award and not under Section 1920. Moreover, even if these categories of expense were within the scope of costs compensable under Section 1920, OneBeacon's request would fail because it has offered nothing to demonstrate that the costs were reasonable in amount and necessity. Finally, postage costs are generally considered ordinary business expenses that are not compensated under Section 1920. *Angevine*, 2003 WL 23019165, *9. While a court has discretion to award incidental costs, which may include postage, *id.*, OneBeacon's unelaborated request gives us no basis or reason to exercise that discretion here.

## CONCLUSION

For the foregoing reasons, we enter judgment in favor of OneBeacon, and against First Midwest, in the amount of $76,324.24. We grant OneBeacon's bill of costs (doc. # 75) and amended bill of costs (doc. # 77) in part, awarding OneBeacon costs in the reduced amount of $629.85.

**ENTER:**

/s/ Sidney I. Schenkier
**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**DATED: August 24, 2009**

5